935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NORTHEAST PLAZA ASSOCIATES, Plaintiff-Appellant,
v.
PRESIDENT AND COMMISSIONERS OF the TOWN OF NORTH EAST, BTR
Realty, Incorporated, Northeast Station, Inc.,
Defendants-Appellees.
 No. 90-2738.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1991.
Decided June 17, 1991.
As Amended July 17, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-90-1448-HAR)
 John F. Simanski, Jr., Peter A. Woolson, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for appellant.
 Jerrold A. Thrope, Charles A. Bacharach, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., Perry J. Seaman, Elkton, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before K.K. HALL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and JOHN C. GODBOLD, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Northeast Plaza Associates ("Associates") instituted this suit in the United States District Court for the District of Maryland against defendant-appellees North East Station, Inc., the President and Commissioners of the Town of North East, Maryland, and BTR Realty, Inc. (collectively, "BTR"). Associates' complaint presented a facial constitutional challenge of Maryland's annexation statute, Md.Ann.Code art. 23A, Sec. 19 (1987). BTR filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).[1] The district court granted BTR's motion to dismiss finding that no case or controversy existed. Associates appeals, and we affirm.
 
 I.
 
 2
 A complex set of statutory provisions governs annexation and zoning in Maryland. The annexation statute provides a means by which "[t]he legislative body, by whatever name known, of every municipal corporation in this State may enlarge its corporate boundaries...." Md.Ann.Code art. 23A, Sec. 19(a) (1987). Annexation may be initiated by a legislative body of a municipal corporation once the corporation has obtained the consent of (1) twenty-five percent (25%) of the registered voters in the area to be annexed and (2) the owners of twenty-five percent (25%) of the assessed valuation of the real property located in the area to be annexed. Id. at Sec. 19(b). Alternatively, annexation may be initiated by petition of (1) twenty-five percent (25%) of the registered voters in the area to be annexed and (2) the owners of not less than twenty-five percent (25%) of the assessed valuation of the real property in that area. Id. at Sec. 19(c). Once the annexation process has been initiated, the statute requires certain steps be taken including (1) giving notice of the change sought to those in the affected area and (2) a public hearing on the annexation resolution. Id. at Sec. 19(d).
 
 
 3
 Following the public hearing, it is the legislative body of the municipality which "may proceed to enact the resolution" for annexation. Id. at Sec. 19(e). This resolution does not take effect for at least forty-five (45) days. Id. During this forty-five day period, persons who reside in the area to be annexed may object by petitioning for a referendum and thereby staying annexation until a referendum has been held. The referendum, however, must be requested by twenty percent (20%) of the persons who reside in the area to be annexed, id. at Sec. 19(f), or by twenty percent (20%) of the persons who reside in the municipality doing the annexing, id. at Sec. 19(g), or by two-thirds of the governing body of the county in which the municipality is located, id. at Sec. 19(h). If no referendum is taken, the annexation stands.
 
 
 4
 Associates owns a shopping center outside North East's town limits and adjacent to BTR's property. On August 21, 1989, BTR filed a petition with North East requesting annexation of its property. This annexation and rezoning would allow BTR to build a shopping center on its property. On October 5, 1989, the North East Planning Commission conducted hearings on a resolution for the annexation and rezoning of BTR's property. After the hearings, the resolution was approved. On May 29, 1990, Associates filed this action contending, in essence, that the Maryland annexation statute is facially unconstitutional. Associates argues that the statute violates the equal protection clause of the United States Constitution. BTR filed a motion to dismiss Associates' complaint, and the district court granted BTR's motion finding that Associates' challenge to the Maryland annexation statute presented no case or controversy.
 
 
 5
 The sole issue presented on appeal is whether the district court was correct in granting BTR's motion to dismiss. We find that the district court properly granted BTR's motion and therefore affirm.
 
 II.
 
 6
 Article III, section 2 of the United States Constitution confines federal court jurisdiction to "cases" or "controversies." Since Associates' facial challenge of the Maryland annexation statute presented no case or controversy, we find that the district court was correct in granting BTR's motion to dismiss.
 
 
 7
 A plaintiff does not allege a case or controversy when the situation alleged to be unconstitutional is "hypothetical or abstract." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). Instead, "[a] plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." Id. Furthermore, "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987).
 
 
 8
 In Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc., 452 U.S. 264 (1981), the plaintiffs alleged that a federal statute which proscribed mining in certain locations was unconstitutional because it deprived landowners of the use of their property without just compensation. None of the plaintiffs in Hodel, however, demonstrated any interest in land which was subject to the regulation in question. The Supreme Court chided the lower court for addressing the constitutional issue:
 
 
 9
 [N]either appellees nor the court identified any property in which appellees have an interest that has allegedly been taken by operation of the Act. By proceeding in this fashion, the court below ignored the Court's oftrepeated admonition that the constitutionality of statutes ought not be decided except in an actual factual setting that makes such a decision necessary....
 
 
 10
 .............................................................
 
 
 11
 ...................
 
 
 12
 * * *
 
 
 13
 Because appellees' taking claim arose in the context of a facial challenge, it presented no concrete controversy concerning either application of the Act to particular surface mining operations or its effect on specific parcels of land.
 
 
 14
 Id. at 294-95.
 
 
 15
 Associates' complaint presented a facial constitutional challenge to the Maryland annexation statute by arguing that the statute might violate equal protection if it were applied when property owners in the area to be annexed did not consent to the proposed annexation. However, just as the appellees in Hodel were not in any way harmed by the statute in question, Associates has not suffered any actual or threatened injury as a result of any putatively illegal action by the town of North East in determining to annex BTR's property. Here, the property owner of the area to be annexed, BTR, consented to annexation just as the annexation statute envisions. As the Supreme Court has made clear, "[a] federal court's jurisdiction ... can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury.' " Warth v. Seldin, 422 U.S. 490, 499 (1975) (citation omitted). "When a plaintiff seeks a declaratory judgment that a state statute is unconstitutional, the requirements for standing must be strictly enforced.... We may not declare a law unconstitutional based upon hypothetical situations which have not, in fact, occurred." Jones v. Preuit & Mauldin, 851 F.2d 1321, 1329 (11th Cir.1988) (citation omitted). Unless and until the property owner in this case refuses to consent to the annexation, a court would be rendering a hypothetical opinion if it were to rule on Associates' facial challenge of the Maryland statute. Associates therefore did not allege a justiciable case or controversy as required by Article III, section 2 of the United States Constitution, and we find that its complaint was properly dismissed by the district court.
 
 
 16
 The parties moved to submit this appeal without oral argument. We found that the facts and legal contentions were adequately presented in the materials before the court and that argument would not aid the decisional process, so the motion was granted. For the foregoing reasons, the district court's grant of BTR's motion to dismiss is
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 In its motion to dismiss, BTR asserted three grounds: (1) lack of case or controversy; (2) lack of standing; and (3) the constitutionality of the annexation statute. Since the district court found that no case or controversy existed, it expressly refused to rule on the questions of standing and the constitutionality of the statute. Thus, while the parties have given considerable attention to these issues on appeal, they are not properly before the court